UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DENISE MONROE,

                                 Plaintiff,

    -against-

17 CV 5526 (SJ) (RLM)

MEMORANDUM AND ORDER

UNITED STATES OF AMERICA

                      Defendant.
-------------------------------------------------------X
A P P E A R A N C E S

DAVID J. HERNANDEZ
26 Court Street
Brooklyn, NY 11242
Attorney for Plaintiff

RICHARD P. DONOGUE
United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
By:    Rachel Balaban
Attorney for the government


JOHNSON, United States District Judge:

       The facts and circumstances surrounding this personal injury action are largely undisputed. On January 11, 2017, plaintiff Denise Monroe ("Monroe" or "Plaintiff") visited the United States Post Office (the "Post Office") located at 271 Cadman Plaza East in Brooklyn, New York. It had

1

snowed several days prior and there was still snow on the ground outside. Monroe entered through a set of double doors to the Post Office, followed by a second set of double doors. This passage is the only route leading to the service counters. At the time, a long rubber runner mat (the "Runner") was on the floor beyond the second set of doors leading to the service counters. Beside the Runner was a yellow cone. According to the testimony of Andre Berry ("Berry"), one of the customer service supervisors then on duty at the Post Office, it was customary for cones to be placed in this area during snowy weather, including in the days following the snow.

Plaintiff testified that, once she passed the second set of doors, she "went in the air and fell" and felt as though she "slipped on a banana." Plaintiff got up from the floor and felt moisture on her coat sleeve and hands. She testified that she was assisted by another patron who entered the Post Office right after her. The woman helped her to stand up. Monroe then asked the other patron to check the back of Monroe's coat, because the coat had just been cleaned and Monroe wanted to "make sure that [she] didn't have no slush or whatever" on her coat "because it was a light color."

Plaintiff proceeded to a counter, asked for a manager, and, while she waited, she purchased a United States Postal Service money order, the purpose of her trip that day. Berry spoke with Monroe about her fall and

permitted her to submit a written statement describing the fall. Monroe wrote that she fell on top of the Runner. Monroe then took photographs of the area where she fell. Those photographs display a runner and cone. The photographs provide no indication of whether the floors or Runner were wet or dry. Additionally, Plaintiff testified in her deposition that she did not recall whether she slipped on the floor or the Runner.

Plaintiff told Berry that she began to experience pain in her knee, arm and ankle. Berry offered to call an ambulance for Monroe, but she declined, opting instead to travel home by public transportation. On December 3, 2017, Plaintiff filed the instant action alleging negligence. The government moves for summary judgment.

DISCUSSION

A party moving for summary judgment has the burden of establishing that there exists no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Ford v. Reynolds, 316 F.3d 351, 354 (2d Cir. 2003). Material facts are those that may affect the outcome of the case. See Anderson, 477 U.S. at 248. An issue of fact is considered "genuine" when a reasonable finder of fact could render a verdict in favor of

the non-moving party. Id. In considering a summary judgment motion, "the court's responsibility is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986) (citing Anderson, 477 U.S. at 248). If the Court recognizes any material issues of fact, summary judgment is improper, and the motion must be denied. See Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 249 (2d Cir. 1985).

If the moving party discharges its burden of proof under Rule 56(c), the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The non-moving party opposing a properly supported motion for summary judgment "may not rest upon mere allegations or denials of his pleading." Anderson, 477 U.S. at 256. Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247–48. Rather, enough evidence must favor the non-moving party's case such that a jury could return a verdict in its favor. Id. at 248; see also Gallo v. Prudential Residential Servs., Ltd., 22 F.3d 1219, 1224 (2d Cir. 1999) ("When no rational jury could find in favor of the nonmoving

party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper.").

Under the Federal Tort Claims Act ("FTCA"), the United States is liable in money damages for a federal employee's common-law torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. The FTCA "constitutes a limited waiver by the United States of its sovereign immunity and allows for a tort suit against the United States under specified circumstances." Hamm v. United States, 483 F.3d 135, 137 (2d Cir. 2007). In FTCA cases, federal courts must look to the substantive law of the state, while the procedural aspects are governed by federal law. See Vasquez v. United States, 2016 WL 315879, at *4 (S.D.N.Y. Jan. 16, 2016). "[T]he burden of proof on a motion for summary judgment is procedural and federal law applies." Decker v. Middletown Walmart Supercenter Store, 2017 WL 568761, at *4 (S.D.N.Y. Feb. 10, 2017). Thus:

> [u]nder New York law, a plaintiff asserting a negligence claim must demonstrate (1) a duty owed by the defendant to the plaintiff, (2) a breach thereof, and (3) injury proximately resulting therefrom….For a slip-and-fall premises liability case, the plaintiff must demonstrate that the landowner created the condition that caused the injury, or that the landowner had actual or constructive notice of the condition….In contrast to New York law for slip-and-fall cases, *under federal law, the moving party need not make any affirmative prima facie showing on a motion for summary judgment, and may discharge its burden of*

> *proof merely by pointing to an absence of evidence to support an essential element of Plaintiff's claim.*

Bogery v. United States, 20187 WL 4265901, at *3 (S.D.N.Y. Sept. 6, 2018) (internal citations and quotation marks omitted) (emphasis added); Borts v. United States, 2016 WL 2622292, at *2 (E.D.N.Y. Mar. 15, 2016).

To recovery for any injuries incurred at the Post Office,[1] Monroe must demonstrate "(1) the existence of a dangerous or defective condition; and (2) that the defendant either created the condition or actual or constructive notice of it and failed to remedy it within a reasonable time." Vasquez, 2016 WL 315879, at *4 (collecting cases). Here, the government claims that Monroe has failed to show either the existence of a dangerous condition or the government's knowledge thereof. This Court agrees.

Plaintiff argues that her testimony consists of sufficient evidence of a hazardous condition in the Post Office. Plaintiff testified that, *after* she fell, she observed water "around where [she] fell" that she presumed was tracked in by others who entered the building. Plaintiff relies on Castellanos v. Target Dept. Stores, Inc., 2013 WL 4017166 (S.D.N.Y. Aug. 7, 2013), to

---

[1] Other than the testimony of Monroe that she heard her knee "pop" and felt pain on the right side of her body, the record is nearly devoid of any evidence of injuries to Plaintiff. There is a list of conditions mentioned only in the Amended Complaint, a prayer for $1,000,000 in relief, and testimony that Monroe now experiences fear of all United States Post Offices.

establish that her testimony sets forth sufficient evidence of a hazardous condition. However, Castellanos is inapposite. The plaintiff in Castellanos alleged that she tripped on a hard plastic sign used to display sale prices atop clothing racks which was instead on the floor in an aisle in the store. Id. at *1. However, Monroe herself stated that she did not know what she stepped on that caused her to fall, and there has been no suggestion that any errant items were on the floor as was in the case in Castellanos. Monroe merely knows that when she fell, she landed on something wet. "The fact that it was raining and water was being tracked in does not constitute notice of a dangerous situation. . . warranting more than laying floor mats." Garcia v. Delgado Travel Agency, 4 A.D.3d 204, 771 N.Y.S.2d 646 (N.Y. App. Div. 2004); cf. Richards v. United States, 170 F. Supp. 2d 423, 426 (S.D.N.Y. 2001) ("[A] slippery stairway – that is, one with a low coefficient of friction – cannot alone form the basis for a negligence claim.")

Indeed, there is no shortage of slip-and-fall caselaw when dealing with the safety of United States Post Offices:

> Even in cases where no sign was posted, no mats or runners were provided, and recommended mopping procedures were not followed, the courts have repeatedly found that the Government did not breach a duty to postal customers because a proprietor's duty to warn does not extend to obvious dangers.

> Everybody knows that, when people are entering any building when it is raining, they will carry some moisture on their feet, which will render the floor near the door on the inside damp to some extent, and every one knows that a damp floor is likely to be a little more slippery than a dry floor.
>
> Everybody knows that the hallways between the outside doors of such buildings and the . . .business counters inside the building during a continued rainstorm are tracked all over by the wet feet of people coming from the wet sidewalks, and are thereby rendered more slippery than they otherwise would be. The same thing is true in the hallways of all post offices. It is not the duty of persons in control in such buildings to keep a large force of moppers to mop up the rain as fast as it falls or blows in, or is carried in by wet feet or clothing or umbrellas, for several very good reasons, all so obvious that is wholly unnecessary to mention them here in detail.

Holland v. United States, 918 F. Supp. 87, 90 (S.D.N.Y. 1996) (collecting cases and entering judgment in favor of the United States where plaintiff fell on an unprotected area of the post office floor on a rainy day); see also Hess v. United States, 666 F. Supp. 666, 672 (D.Del. 1987) (entering judgment for the government where, inter alia, "the floor's slippery condition was obvious and easily discoverable" on a rainy day because "the rainy condition itself should serve as an adequate warning").

Accordingly, this Court finds that Monroe has failed to demonstrate the existence of a dangerous or defective condition as a matter of law. Her claim of negligence fails.

CONCLUSION

For the foregoing reasons, the government's motion is granted. The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: November 22, 2019       _____/s_____
   Brooklyn, New York      Sterling Johnson, Jr., U.S.D.J.